IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN SIMPKINS AND | : |
| CINDY SIMPKINS, | : |
|     Appellants | : |
| | :    No. 1:21-cv-00618 |
| v. | : |
| | :    (Judge Kane) |
| CRAIG DEIMLER AND | : |
| WILLIAM OLIVER FISHER-DEIMLER, | : |
|     Appellees | : |

## MEMORANDUM

Presently before the Court is Appellant-Claimants John and Cindy Simpkins' ("Appellants") appeal of the decision of the bankruptcy court sustaining Appellee-Debtors William Oliver Fisher-Deimler and Craig Deimler's ("Appellees") objection to the Appellants' proof of claim filed in the underlying bankruptcy action. Upon consideration of the briefs of the parties and for the reasons set forth below, the Court affirms the decision of the bankruptcy court.

### I. BACKGROUND

On March 4, 2020, Appellees filed a voluntary petition for bankruptcy under chapter 13 of Title 11 of the United States Code, 11 U.S.C. § 1301-1330. (Doc. No. 3.) Following that filing, Appellants filed Proof of Claim Number 34, asserting a claim of $130,000 stemming from an alleged breach of contract by Craig Deimler ("Deimler"). (Doc. No. 3-4.) Appellants' proof of claim was filed without attachments (id.), but they did promptly provide the relevant documents to Appellees. (Doc. No. 3-10 at 2-3.) Appellees then filed an objection to Appellants' proof of claim, arguing that the alleged debt was corporate debt for which Deimler was not personally liable. (Doc. No. 3-5 ¶ 9.)

The contract in question was entered into by Appellants and Deimler Family Construction for a home remodeling project ("Contract"). (Doc. No. 3-8.) The "Contractor" is defined in the agreement as "Deimler Family Construction." (Id. at 9.) Deimler is not identified anywhere in the text of the Contract, but his signature appears on a signature line marked "Company Representative." (Id. at 8.) Deimler's initials mark each page of the document in the field labeled "Contractors Initials." (Id. at 1-11.) The name GCD Construction, Inc., followed by an address line, is present on the bottom left corner of all eleven (11) pages of the Contract. (Id.) Additionally, the terms laid out above the signature block in the section titled "Owner's Acceptance" explicitly authorize GCD Construction, Inc., d.b.a. Deimler Family Construction to perform work under the Contract. (Id. at 8.) Following the execution of the Contract, Deimler Family Construction allegedly failed to complete the project and Appellants were forced to hire a new contractor, incurring an additional cost of $130,000. (Doc. No. 3-9 at 2.)

Upon consideration of the validity of Appellants' proof of claim, the bankruptcy court ruled in favor of Appellees, finding that Appellants failed to establish that Deimler was personally liable as the Contractor under the Contract. (Doc. No. 3-10 at 18.) Therefore, Appellants' proof of claim could not be upheld over objection in Appellees' chapter 13 bankruptcy proceedings. (Id.) Additionally, the bankruptcy court ordered that Appellants were precluded from presenting exhibits not attached to their original proof of claim "as evidence in any contested matter or adversary proceeding pursuant to Rule 3001(c)(2)(D)(i)." (Doc. No. 3-11.) On April 2, 2021 Appellants filed their notice of appeal to this Court. (Doc. No. 3-12). On July 2, 2021, this Court granted a proposed sua sponte order by the bankruptcy court. (Doc. No. 13.) The sua sponte order corrected the bankruptcy court's original order, eliminating the bar on

new evidence not attached to Appellants' original proof of claim. (Doc. No. 12 at 2.) Appellants' appeal is the subject of the instant case.

## II. JURISDICTION AND STANDARD OF REVIEW

The present action concerns an appeal of a bankruptcy court order affirming an objection to a proof of claim. This Court has jurisdiction to hear an appeal of a final order of a bankruptcy court under 28 U.S.C. § 158(a). For purposes of a bankruptcy appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." See Midland Asphalt Corp. v. United States, 489 U.S. 794, 798 (1989) (internal quotations and citations omitted). Orders allowing or disallowing proofs of claim in bankruptcy are final for purposes of appeal. See In re Abel, 200 B.R. 816, 818 (E.D. Pa. 1996); see, e.g., In re Allegheny Int'l, Inc., 954 F.2d 167, 172 (3d Cir. 1992); Siegel v. Fed. Home Loan Mortg. Corp., 143 F.3d 525, 529 (9th Cir. 1998). Therefore, the Court has jurisdiction over this matter.

The standard of review on appeal of bankruptcy court orders to the district court is the same as that used by the courts of appeal. A district court sitting as an appellate court shall not set aside any findings of fact unless clearly erroneous. See Fed. R. Bank. P. 8013 (2003). Conclusions of law, however, are subject to de novo review. See id.; see also In re McDonald, 205 F.3d 606, 609 (3d Cir. 2000).

## III. DISCUSSION

Appellants raise two main issues on appeal, both questions of law. First, Appellants argue that the bankruptcy court erred in its determination that Appellee is not personally liable under the Contract.[1] (Doc. No. 6. at 2) Second, Appellants contend that the bankruptcy court

---

[1] The Court will not address Appellants' argument that Deimler was not acting as an agent for a disclosed principal, as it is without merit. Rather, we affirm the finding of the bankruptcy court

3

erred in ordering that Appellants were precluded from presenting information not filed with their proof of claim as evidence in subsequent contested matters or adversary proceedings.  (Id.)  As to the second issue, the Court considers it resolved by the sua sponte order of the bankruptcy court, which was granted by leave of this Court on July 2, 2021.  (Doc. Nos. 12, 13.)  The sua sponte order grants in full the relief requested by Appellants in relation to this claim:  the finding that Appellants "are not precluded from presenting information supporting their proof of claim as evidence in any contested matter or adversary proceeding."  (Doc. No. 6 at 11-12.)[2]  Therefore, the Court's analysis will focus solely on the issue of Deimler's personal liability under Pennsylvania contract law.  On that issue, the Court affirms the bankruptcy court's holding that Deimler was not a party to the Contract with Appellants and is therefore not personally liable for breach of contract.

Appellants' argument on appeal is that the Contract is ambiguous as to the identity of the other party and that, in the face of that ambiguity, the only reasonable interpretation is one that holds Deimler personally liable.  (Doc. No. 6 at 5-8.)  Appellants' main support for their position rests on GCD Construction, Inc.'s failure to register Deimler Family Construction as a trade name under the Pennsylvania Fictitious Names Act ("PFNA").  (Id. at 7-8.)  Rather, the name was registered to Deimler as an individual.  (Id.)  This error in registration, Appellants argue,

---

that Appellants had actual knowledge that Deimler was acting as an agent of GCD Construction, Inc.  (Doc. No. 3-10 at 16-18.)

[2] To the extent that Appellants' brief can be read as requesting remand to the bankruptcy court on this issue, the Court is guided by the requirement that it "must disregard all errors and defects that do not affect any party's substantial rights."  See Fed. R. Civ. P. 61; Fed R. Bankr. P. 9005.  Given that the bankruptcy court reviewed the case as if the relevant material had been attached to Appellants' proof of claim at the time of filing, the Court can find no negative impact on Appellants' substantial rights caused by the error of the bankruptcy court.  (Doc. No. 12 at 2.)

creates an ambiguity as to the identity of the Contractor, defined in the Contract as Deimler Family Construction, which should be resolved by assigning liability to Deimler.

Under Pennsylvania law a contract is ambiguous, and therefore open to judicial interpretation, when "it is reasonably susceptible of different constructions and capable of being understood in more than one sense." See Kripp v. Kripp, 849 A.2d 1159, 1163 (Pa. 2004). Pennsylvania recognizes two varieties of contractual ambiguity, patent and latent. "[P]atent ambiguity is that which appears on the face of the instrument, and arises from the defective, obscure, or insensible language used." Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 613-14 (3d Cir. 1995) (citing Easton v. Wash. Cnty. Ins. Co., 137 A.2d 332 (Pa. 1957)). Latent ambiguity arises not from a lack of clarity on the face of a writing, but from "extraneous or collateral facts that make the meaning of a written agreement uncertain." See Allegheny Int'l, Inc. v. Allegheny Ludlum Steel Corp., 40 F.3d 1416, 1424 (3d Cir. 1994) (quoting Steuart v. McChesney, 444 A.2d 659, 663 (Pa. 1982)). The bankruptcy court analyzed the issue of ambiguity raised by Appellants primarily as one of latent ambiguity, as extrinsic evidence is required to show a record of registration under the PFNA. (Doc. No. 3-10 at 13-15.) However, in Appellants' brief on appeal, they argue that the Contract is ambiguous without clearly distinguishing between patent and latent ambiguity. (Doc. No. 6 at 5-7.) This Court finds Appellants' argument that the Contract is ambiguous unpersuasive and affirms the finding of the bankruptcy court that the Contract is neither patently nor latently ambiguous.

First, to the extent that Appellants argue that the Contract is patently ambiguous, the Court rejects that argument. Here, the Contract is clear and unambiguous on its face for the reasons explained by the opinion of the bankruptcy court. (Doc. No. 3-10 at 12-13.) Four core elements of the Contract make this conclusion the only reasonable one: (1) the "Contractor" is

defined as "Deimler Family Construction"; (2) Deimler Family Construction is identified as "d.b.a" (doing business as) GCD Construction, Inc., a common way to designate trade names for corporate entities; (3) Deimler's signature is explicitly labeled as that of corporation's representative; and (4) there are no references to Deimler in the text of the Contract itself. (Doc. No. 3-8 at 1-11.) Guided by the foregoing facts, the Court concludes that there is nothing in the Contract that would reasonably suggest that Deimler is personally a party to the Contract. Looking at the face of the Contract, the other party is clearly defined as Deimler Family Construction d.b.a. GCD Construction, Inc. Therefore, the Contract contains no patent ambiguity as to the identities of the parties.

Second, the Contract contains no latent ambiguity. The bankruptcy court interpreted Appellants' argument as to the registration of Deimler Family Construction under the PNFA as an attempt to establish latent ambiguity. (Doc. No. 3-10 at 13-16.) As the bankruptcy court explained, the proffered extrinsic evidence does not establish the existence of a latent ambiguity, both because: (1) the evidence "improperly focuses upon the Claimant's expectations"; and (2) Appellants' interpretation of the word "Contractor" is not reasonable. (Id. at 16.) This court agrees with the conclusion that improper registration under the PNFA does not support a finding of latent ambiguity in this case.

Third, even if the Court were to accept Appellants' argument that the registration of Deimler Family Construction to Deimler renders the Contract ambiguous, the Court would have no basis for resolving that ambiguity in Appellants' favor, i.e. concluding that Deimler is individually liable as a party to the Contract. Faulty registration of a trade name under the PFNA does not alter the legal liabilities of contracting parties. While the PFNA may serve to establish a record of ownership of a business and prevent true owners from concealing their identities,

against the officers or agents of that corporation based only on the corporation's failure to properly register with the Secretary of State.  See Id.; Bala Corp. v. McGlinn, 144 A. 823, 823-24 (Pa. 1929).  Additionally, to this Court's knowledge, no Pennsylvania court has held the registration of a fictitious name under the PFNA a core issue in determining contractual liability.

The conclusion that registration of a fictitious name under the PFNA is not linked to contractual liability is bolstered by the non-exclusive nature of trade name registration.  One trade name can be registered to or used by multiple, unrelated entities or individuals.  See 54 Pa.C.S. § 303(a).  The registration of a trade name imparts no rights on the registering party other than the right to do business under that name.  See 54 Pa.C.S. § 332(a).  Therefore, under the PFNA, registration of a trade name by an individual or entity has little legal bearing on the validity of the use of that trade name by another party in a private contract.

Here, Appellants have not alleged fraud or intentional misrepresentation of the identity of the other party with whom they contracted.  Appellants also do not allege that they relied on the registration information for Deimler Family Construction to inform them about the identity of the party with whom they were contracting.  Rather, Appellants simply point out that they could have searched for Deimler Family Construction through the Secretary of State's website, and if they had done so, they would have been led to believe that it was solely owned by Deimler.  (Doc. No. 6 at 7.)  This hypothetical is not legally relevant and therefore holds no weight with the Court.  Improper registration under the PFNA has no bearing on Deimler's liability in this case and does not have the effect of creating ambiguity as to the identity of the parties.  As the bankruptcy court held, the Contract is clear on its face as to the identities of the parties: John and Cindy Simpkins and GCD Construction, Inc., d.b.a. Deimler Family Construction.  (Doc. No. 3-10 at 12.)  The interpretation that Deimler is personally liable to Appellants because Deimler

Family Construction is registered under his name is not supported by the Pennsylvania law of contracts, the text of the PFNA, or the unambiguous terms of the Contract itself.

Appellants raised two issues on appeal. The first was resolved by sua sponte order of the bankruptcy court. The second, which rests on Appellants' assertion that Deimler is the Contractor under the Contract, fails as a matter of law on de novo review. Appellants have failed both to show that the Contract is ambiguous and therefore susceptible to judicial interpretation, and to show that their preferred interpretation is legally sound. Therefore, this Court must conclude that Deimler is not personally liable under the Contract.

## IV.   CONCLUSION

For the foregoing reasons, the Court will affirm that decision of the bankruptcy court and sustain Appellees' objection to Appellants' proof of claim. An appropriate order follows.